## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CENTERPOINT ENERGY-** ) | |
| **ILLINOIS GAS TRANSMISSION COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| -v- ) | NO. 07-CV-439-WDS |
| ) | |
| **CARI A. VARBLE** ) | |
| <u>Serve at</u> ) | |
| **104 Chouteau Trace Parkway** ) | |
| **Granite City, Illinois 62040** ) | |
| ) | |
| **Defendants.** ) | |

### TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction, filed this date.

Having determined that it has jurisdiction over the subject matter and the parties and having been fully apprised after a hearing on the merits and after consideration of the evidence and testimony of record, this Court makes the following preliminary findings of fact:

(1)     Plaintiff is the owner and operator of an active 10 inch intrastate natural gas transmission line and an inactive 12 inch natural gas transmission line. Pursuant to a 1939 Pipeline Easement of record in the Recorder's office of Madison County, Illinois, those lines cross property owned or controlled by Defendant. Defendant's property is described as follows:

> "Lot Eleven (11) of Chouteau Tract I, a subdivision of part of the southeast quarter or section 34 and the southwest quarter of section 35, township 4 north, range 9 west of the third principal meridian in Madison County, Illinois, as shown on plat thereof recorded in plat volume P.C. 54 at page 167."

1

(2) Defendant is currently having constructed on the above described property an in-ground swimming pool. The swimming pool and the structure associated with it are located 3.5 to 5 feet from Plaintiff's 10 inch gas line.

(3) Plaintiff maintains an easement width of 10 feet on each side of the pipelines. The 10 feet extends from the outer walls of each of the two pipelines.

(4) Defendant had a duty pursuant to the Illinois Underground Utility Facility Damage Prevention Act, 220 ILCS 50/1, *et seq.*, to notify the Illinois One-Call system of her intent to excavate for the swimming pool. Defendant and/or those acting on her behalf failed to place the required phone call to the Illinois One Call System in regards to the construction of the swimming pool or to notify Plaintiff of their intent to build the swimming pool.

(5) Defendant and/or those acting on her behalf had actual and/or constructive knowledge and notice of Plaintiff's pipelines and Pipeline Easement prior to construction beginning based upon (a) the recorded Plat for the Subdivision; (b) the permanent pipeline markers; (c) the Pipeline Easement of Record; and (e) the temporary pipeline markers Plaintiff placed on the parcel in question prior to the construction of the swimming pool.

(6) Plaintiff's pipeline provides natural gas industrial and commercial customers within the Southern District of Illinois.

(7) Plaintiff's operation and maintenance of its pipelines are governed by the Illinois Commerce Commission which has adopted federal regulations promulgated by the United States Department of Transportation pursuant to the Natural Gas Pipelines Act, 49 U.S.C. § 60101 *et seq*. *See* 49 CFR §§ 191.23, 192, 193, and 199.

(8) Plaintiff's Pipeline Easement provides in part that Plaintiff has the right to lay, construct, replace, repair, operate, maintain, and remove gas and petroleum pipelines across,

under, over, on and through the parcel in question and to ingress and egress to and from the right of way.

(9)     There is sufficient evidence in the record to show that Defendant's swimming pool in its current location unreasonably interferes with Plaintiff's rights granted by the 1939 Pipeline Easement and that further construction of the pool will further interfere with Plaintiff's property rights.  There is also sufficient evidence to show that the swimming pool in its current location unreasonably interferes with Plaintiff's ability to adequately maintain and inspect its pipelines per applicable federal and state regulations and that the pool unreasonably restricts timely access to the pipelines in the event of an emergency.  Those circumstances threaten Plaintiff's property interests, Defendant and the general public with irreparable harm.

Based on those findings of fact, the Court rules as follows:

(1)     That Plaintiff has a reasonable likelihood of success on the merits;

(2)     That Plaintiff does not have an adequate remedy at law and will be irreparably harmed if the temporary restraining order does not issue;

(3)     That the threatened injury to the Plaintiff and the public outweighs the threatened harm the injunction may inflict on the Defendant; and

(4)     That the granting of the temporary restraining order will serve the public interest.

**THEREFORE, IT IS HEREBY ORDERED** that until such time as a full trial on the merits may be held, Defendant, her agents and employees, and all those acting in concert with or on behalf of Defendant are enjoined and restrained from (1) excavating or conducting any further digging activities within 10 feet of either side of Plaintiff's pipelines on the Parcel in Question; (2) from conducting any further work on the swimming pool in question; and (3) from building, paving, constructing, or emplacing any buildings, roads, driveways or other structures

4

within Plaintiff's Pipeline Easement or impounding any water or other substance over said Pipeline Easement or permitting any other such activities on the parcel in question until such time as a full trial on the merits may be held.

This Order is conditioned upon the plaintiff filing a bond in the amount of $10,000.

Dated this 20th day of June 2007

Time: 1:50 P.M.

                                            **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**