IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTERPOINT ENERGY-<br>ILLINOIS GAS TRANSMISSION COMPANY,<br><br>Plaintiff,<br><br>-v-<br><br>CARI A. VARBLE<br><u>Serve at</u><br>104 Chouteau Trace Parkway<br>Granite City, Illinois 62040<br><br>Defendants. | NO. 07-CV-439-WDS |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to continue the hearing on preliminary injunction (Doc. 14), which the Court construes as a motion pursuant to Fed. R. Civ. P. 65(b) for an extension of the Temporary Restraining Order ("TRO") entered on June 20, 2007 (Doc. 8). The TRO is set to expire shortly; however, plaintiff seeks an extension of the TRO on the grounds that the parties have entered into negotiations, but need more time to reach a mutually agreeable resolution. The defendant has been notified of the motion for an extension of the TRO, and though defendant has not entered an appearance in this case, plaintiff indicates that defendant's counsel agrees that the TRO and hearing date should be continued.

## BACKGROUND

Plaintiff owns a pipeline easement which runs across defendant's property in Choteau Trace, Madison County, Illinois. The pipeline is subject to a 1939 Pipeline Easement which covers an active 10 inch diameter high-pressure natural gas transmission pipeline. There is also a 12 inch inactive natural gas line within the same easement, and the two lines run parallel. The

easement extends ten (10) feet from the outer wall of each pipeline. The record reveals that the pipelines are designated by visible signs and markers which plaintiff asserts are in accordance with federal and state laws.

The defendant is currently building an in-ground swimming pool on her property. The complaint alleges that the outer walls of the pool are within 3.5 feet of the pipeline. The record before the Court reveals that plaintiff did not receive notice of the defendant's intent to construct a swimming pool until it was already under construction, and that once plaintiff learned of the pool, it advised defendant of the easement and sought to halt construction. The Illinois Underground Utility Facility Damage Prevention Act, 220 ILCS 50/1, establishes the Illinois One Call System. Plaintiff asserts it was not notified of the defendant's construction of the swimming pool under this One Call System.

The Court scheduled a hearing on plaintiff's application for a Temporary Restraining Order on June 20, 2007. The defendant received notice of the plaintiff's request for a TRO and of the scheduled hearing, but neither the defendant nor her attorney appeared. The Court granted plaintiff's application for a TRO upon plaintiff's uncontested showing that the pool in question encroaches on its easement and will interfere with plaintiff's ability to operate, maintain and conduct integrity assessments of the pipelines, especially in emergency situations, as required by Federal and State law and that the defendant has refused to cease construction on the site. The Court was persuaded that the close proximity of the pool to the pipeline makes it vulnerable to being uncovered in an excavation collapse, and, therefore, the possibility of significant harm to the community as well as the possibility of damage to the plaintiff's pipeline.

Upon review of the record, the Court **FINDS** that pursuant to Fed. R. Civ. P. 65(b), the plaintiff has established good cause for an additional ten (10) day extension of the TRO in this case. The Court specifically finds that the situation presented by the presence of the in-ground swimming pool within the recorded easement of a high-pressure 10 inch natural gas pipeline is one that presents a dangerous situation and which warrants a restraining order, and the extension thereof. The Court **FURTHER FINDS** that because the parties have entered into negotiations, resolution of the matter appears imminent and will perhaps be obtained by the parties without the assistance of the Court.

**ACCORDINGLY**, plaintiff's motion (Doc. 14) is **GRANTED** and the Court **HEREBY** extends the Temporary Restraining Order entered June 20, 2007, in full force and effect, up to and including July 18, 2007. This matter is scheduled for an evidentiary hearing on plaintiff's application for a Preliminary Injunction on Monday, July 16, 2007, at 1:30 p.m.

**IT IS SO ORDERED.**

**Dated this 3rd day of July 2007.**

**Time: 10:15 a.m.**

                                              s/ **WILLIAM D. STIEHL**
                                                    **DISTRICT JUDGE**