IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTERPOINT ENERGY-<br>ILLINOIS GAS TRANSMISSION<br>COMPANY, <br><br>      Plaintiff,<br><br>-v-<br><br>CARI A. VARBLE<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  NO. 07-CV-439-WDS<br>)<br>)<br>)<br>)<br>)<br>) |

**PERMANENT INJUNCTION**

Before the Court is Plaintiff's and Defendant's Stipulation to Entry of Permanent Injunction, filed this date.

Having determined that it has jurisdiction over the subject matter and the parties and having been fully apprised of the merits of the Stipulation, including the agreement of the parties, the Court finds as follows:

(1) Plaintiff is the owner and operator of an active 10 inch intrastate natural gas transmission pipeline and an inactive 12 inch natural gas transmission pipeline. Plaintiff maintains a pipeline right of way for those pipelines pursuant to a 1939 Pipeline Easement of record in Madison County, Illinois at Book 783, Page 56.

(2) Plaintiff's pipelines and the 1939 Pipeline Easement cross and burden property owned or controlled by Defendant. Defendant's property is described as "Lot Eleven (11) of Choteau Tract I, a subdivision of part of the southeast quarter of section 34 and the southwest quarter of section 35, township 4 north, range 9 west of the third principal meridian in Madison County Illinois as shown in the plat there of record in plat

volume P.C. 54 at page 167." Defendant's property is otherwise known as 104 Choteau Trace Parkway in Pontoon Beach, Illinois.

(3) On Defendant's aforementioned property, Plaintiff maintains an easement width of 10 feet from the outer walls of each one of the aforementioned pipelines.

(4) Plaintiff's pipeline lies within the Southern District of Illinois and provides natural gas to industrial and commercial customers within the Southern District of Illinois. Defendant's property also lies within the Southern District of Illinois.

(5) Plaintiff's operation and maintenance of its pipelines are governed by the Illinois Commerce Commission, which has adopted federal regulations promulgated by the United States Department of Transportation pursuant to the Natural Gas Pipeline Safety Act, 49 USC § 1671 *et seq*. *See* 49 CFR §§ 191.23, 192, 193, and 199.

(6) Plaintiff's pipeline easement provides in part that Plaintiff has the right to lay, construct, replace, repair, operate, maintain, and remove gas and petroleum pipelines across, under, over, on and through Defendant's property at 104 Choteau Trace Parkway.

(7) Defendant or those acting on her behalf constructed a swimming pool that lay within Plaintiff's pipeline easement without its consent and unreasonably interfered with its property rights. The swimming pool was removed from the pipeline easement by Defendant or those acting on her behalf prior to entry of this Order. Defendant or those acting on her behalf constructed a concrete patio around the swimming pool that in part extends into Plaintiff's pipeline easement. The patio was constructed without Plaintiff's consent. To the extent it is within Plaintiff's easement, the concrete patio unreasonably interferes with Plaintiff's property rights. Defendant or those acting on her behalf also constructed a fence that, in part, extended into Plaintiff's pipeline easement.

(8) The Plaintiff does not have an adequate remedy at law to protect its property interests now or in the future.

(9) The threatened injury to the Plaintiff's property interests and to the general public outweighs the harm that a permanent injunction prohibiting future construction activities on Defendant's property and within Plaintiff's pipeline easement may inflict on Defendant.

(10) The granting of a permanent injunction will serve the public interest.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment is entered in favor of Plaintiff, its successors and assigns (hereinafter, "Plaintiff"). Defendant, her agents and employees, heirs, executors, administrators, successors and assigns, and all those acting in concert with or on behalf of Defendant (hereinafter "Defendant") are permanently enjoined and restrained from (1) excavating or conducting any further digging activities within 10 feet of either side of Plaintiff's pipelines crossing Defendants' property at 104 Choteau Trace Parkway without first obtaining Plaintiff's express written consent; and (2) building, paving, constructing, or emplacing any buildings, roads, driveways, or other structures within 10 feet of either side of Plaintiff's pipelines crossing Defendant's property at 104 Choteau Trace Parkway, or impounding any water or other materials or substances over or within 10 feet of Plaintiff's pipelines crossing Defendant's aforementioned property, including the placement of additional fill, without first obtaining Plaintiff's express, written consent.

However, the concrete patio in place on August 22, 2007 that is in part located inside Plaintiff's easement may remain so long as no further additions or changes are made to it that further encroach upon Plaintiff's easement. In consideration thereof,

Plaintiff will be held harmless for any damage to any part of the concrete patio in the event Plaintiff must perform any maintenance, replacement, or integrity assessment of its pipelines or exercise any other rights provided for in the 1939 Easement.

Defendant is also allowed to place a privacy fence within the easement with Plaintiff's express, written consent. Defendant must install a gate in the fence through which Plaintiff's employees are allowed access to their easement on Defendant's property for necessary pipeline operations, maintenance and integrity assessment or any other rights provided for in the 1939 Easement.

Defendant may also place ornamental trees, shrubs, plants, and flowers within the pipeline easement provided that (a) no trees, shrubs, plants or flowers that will exceed 16 feet in height when mature may be planted anywhere within the easement; (b) no trees or shrubs may be planted directly over the pipeline; and (c) to the extent the placement of any plants, trees or shrubs within the easement requires excavation more than 18 inches deep or is done by mechanical means, Defendant must obtain Plaintiff's express written consent before such excavation. Any landscaping or landscaping features other than those expressly stated herein, including the aforementioned fence, patio, trees, shrubs, plants or flowers, are not permitted within the pipeline easement without Plaintiff's express, written consent.

To the extent it may be construed to do so, this Order shall define and/or limit Plaintiff's pipeline easement only as to that section of the easement that burdens Defendant's aforementioned property described as "Lot Eleven (11) of Choteau Tract I, a subdivision of part of the southeast quarter of section 34 and the southwest quarter of section 35, township 4 north, range 9 west of the third principal meridian in Madison

County Illinois as shown in the plat there of record in plat volume P.C. 54 at page 167."

Plaintiff may recover its security bond from the District Clerk.

Dated this 24th day of August 2007.

Time:   10:30 A.M.


                                              s/*WILLIAM D. STIEHL*
                                              DISTRICT JUDGE